**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

NCC BUSINESS SERVICES, INC.,

        Plaintiff,

vs.                                  Case No:  3:13-cv-795-J-99MMH-MCR

LEMBERG & ASSOCIATES, LLC,

        Defendant.

_____/

**O R D E R**

       **THIS CAUSE** is before the Court on Defendant's Motion to stay discovery (Doc. 21) filed September 9, 2013.  On September 23, 2013, Plaintiff filed a response in opposition to this Motion.  (Doc. 25).  Accordingly, the matter is now ripe for judicial review.

**I.  BACKGROUND**

       Plaintiff's Third Amended Complaint (Doc. 9), filed on July 18, 2013 seeks to assert a class action against Defendant alleging unfair competition based on trademark infringement, defamation, and violations of the Lanham Act, 15 U.S.C. §1125. Defendant responded to the Third Amended Complaint on August 1, 2013 by filing a Motion to Dismiss.  (Doc. 13).  Subsequently, after the parties filed their Case Management Report (Doc. 17) and the Court entered its Case Management and Scheduling Order (Doc. 18), Defendant filed the instant Motion (Doc. 21) to prevent Plaintiff from engaging in discovery until the Court ruled on Defendant's Motion to Dismiss.

## II. ANALYSIS

Rule 26(b)(1) of the Federal Rules of Civil Procedure recognizes that trial courts have the authority to limit the scope of discovery by court order.  Federal courts also have the broad discretion to stay proceedings as part of their inherent authority to control their docket.  Clinton v. Jones, 520 U.S. 681, 706, 117 S.Ct. 1636, 1650 (1997).  In the instant case, Defendant asks the Court to "stay Plaintiff from undertaking any discovery in this matter until the Court has ruled upon [Defendant's] Motion to Dismiss with Prejudice Plaintiff's Third Amended Complaint."  (Doc. 21, p.1).  Defendant contends that Plaintiff "has begun an all out discovery campaign" by requesting deposition dates for three individuals and serving Interrogatories and requests to produce.  In contrast, Defendant notes that it has "not propounded any discovery to [Plaintiff]," however, Defendant admits that it served a subpoena on a third party to determine whether Plaintiff and/or its counsel have been using an internet message board to contact putative class members.  (Doc. 21, p.2).  Accordingly, Defendant is not asking for all discovery to be stayed, but rather, that only Plaintiff's discovery be stayed.

Plaintiff responds that the Court should deny the request to stay discovery as it would be prejudicial to Plaintiff.  Specifically, Plaintiff notes that its deadline for filing a motion for class certification expires on October 16, 2013 and staying its discovery would cause Plaintiff to "be severely prejudiced as it [would] have little to no opportunity to engage in the necessary discovery to support its Rule 23 motion for class determination before that motion is due."  (Doc. 25, p.2).  Additionally, Plaintiff takes the position that a stay of discovery is only warranted in "extraordinary circumstances" and that such are not present in the instant case.  (Doc. 25, p.4).

The Eleventh Circuit has held that facial challenges to the legal sufficiency of a complaint in a dispositive motion to dismiss should be resolved before discovery begins. Cotton v. Massachusetts Mutual Life Ins. Co., 402 F.3d 1267, 1292 (11th Cir. 2005); see also Moore v. Potter, 141 F.App'x. 803, (11th Cir. 2005) (upholding the staying of discovery until ruling on the defendant's motion to dismiss).  Such dispositive motions present purely legal questions and can be resolved without the need for discovery.  Moreover, if such motions are granted, the Court and the parties can be spared the various, "significant" costs of discovery.  Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367-68 (11th Cir. 1997) (discussing the various costs of discovery, which can be avoided if a court dismisses a nonmeritorious claim before discovery has begun).  To determine whether a stay is appropriate, the Court "must balance the harm produced by the delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery."  Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997).  In making this determination it may be helpful for the court to take a "preliminary peek" at the merits of the dispositive motion to assess the likelihood that such motion will be granted.  Id.

Here, the Court has taken a "preliminary peek" at the merits of Defendant's Motion to Dismiss.  After doing so, the Court has weighed the likelihood of the Motion being granted against the alleged harm to Plaintiff by a delay and finds that a stay should be entered.  As noted above, Plaintiff claims prejudice because it will not have sufficient time to conduct discovery prior to filing its motion for class certification.  However, the undersigned believes it would be appropriate, in addition to staying all discovery, to also stay the deadline for seeking class certification.  Accordingly, Plaintiff

would not be prejudiced.  Additionally, contrary to Defendant's assertions, a stay on all discovery would be appropriate in this case.  The purpose of a stay is to permit the Court to potentially resolve a matter without the need for discovery, which can spare the court and the litigants the myriad costs of discovery.  Permitting one side to engage in discovery would not further this goal.

Accordingly, after due consideration, it is

**ORDERED:**

Defendant's Motion to stay discovery (Doc. 21) is **GRANTED in part**.  All discovery in this case as well as the deadline for Plaintiff to seek class certification is hereby stayed until the Court rules on Defendant's Motion to Dismiss (Doc. 13).

**DONE** and **ORDERED** in Jacksonville, Florida this 26th day of September, 2013.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record