UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NCC BUSINESS SERVICES, INC.,

    Plaintiff,

v.                                       Case No. 3:13-cv-795-J-39MCR

LEMBERG & ASSOCIATES, LLC,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant's Motion to Reopen Case (Doc. 48) and Motion for Attorneys' Fees and Costs (Doc. 49; "Motion for Fees") filed September 2, 2014. Plaintiff filed its responses in opposition on September 30, 2014. (Docs. 52 and 53). Accordingly, the matter is ripe for review.

**I.    BACKGROUND**

Plaintiff NCC Business Services, Inc. ("Plaintiff" or "NCC") initially filed this action in Florida state court against Defendant Lemberg & Associates, LLC ("Defendant" or "L&A"), on August 24, 2012. (Doc. 1-2 at 1). The initial Complaint included, *inter alia*, causes of actions for Defendant's unauthorized use of Plaintiff's likeness pursuant to Florida Statutes section 540.08, and for tortious interference with business relationships. (Doc. 49 at 2). On November 5, 2012, before receiving Defendant's response to the Complaint, Plaintiff filed an Amended Complaint adding a claim of unfair and deceptive trade practice. (Doc. 1-2 at 1). On the next day, Defendant removed the action to this Court based on diversity jurisdiction. (Id. at 2). After reviewing the Amended Complaint and the Notice of Removal, the Honorable Henry L. Adams, United

States District Court Judge found that Plaintiff's claim pursuant to Florida Statutes section 540.08 failed on its face. Id. at 18. Without Plaintiff's section 540.08 claim, Judge Adam's held that the amount in controversy threshold was not met and subsequently remanded the case back to Florida state court on March 20, 2013. Id. at 19-21.

On June 10, 2013, the state court granted Plaintiff's Stipulated Motion for Plaintiff to file a Second Amended Complaint, which dropped the section 540.08 claim. (Doc. 1-5 at 33; Doc. 2).[1] The Second Amended Complaint ("SAC") included a new cause of action under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.* (Doc. 2). On July 8, 2013, Defendant again removed the case to federal court—this time based on federal question jurisdiction. (Doc. 1). On July 10, 2013, this Court entered an Order *sua sponte* striking the SAC as an impermissible "shotgun pleading" and directing Plaintiff to file a third amended complaint no later than July 26, 2013. (Doc. 7). On July 18, 2013, Plaintiff filed its Third Amended Complaint ("TAC"). (Doc. 9).

On August 1, 2013, Defendant re-filed its motion to dismiss (Doc. 13), to which Plaintiff responded on August 29, 2013. (Doc. 20). On October 4, 2013, the Court entered an Order granting in part and denying in part Defendant's unopposed motion for leave to supplement the motion to dismiss to the extent Defendant was allowed to file a new motion to dismiss addressing all of its arguments in a single consolidated motion no later than October 18, 2013. (Doc. 27). On October 18, 2013, Defendant filed its Renewed Motion to Dismiss Plaintiff's TAC (Doc. 28), to which Plaintiff responded on

---

[1] The Stipulated Motion came after Defendant threatened to seek sanctions against Plaintiff for allegations contained in the Amended Complaint. (Doc. 49 at 3).

November 7, 2013 (Doc. 30). The Honorable Monte C. Richardson, United States Magistrate Judge reviewed the Renewed Motion to Dismiss and recommended that it be granted to the extent that Plaintiff's TAC be dismissed without prejudice. (Doc. 39; Report and "Recommendation"). The parties did not file any objections to Judge Richardson's Recommendation, and after the undersigned found Judge Richardson's Recommendation to be well-reasoned, the undersigned adopted the Recommendation. (Doc. 45).

Following the Court's dismissal of Plaintiff's TAC, Plaintiff elected to voluntarily dismiss this case without prejudice rather than attempting to restate its claims in a fourth amended complaint. (Doc. 46). Pursuant to Plaintiff's dismissal, the Court directed the Clerk of the Court to terminate all pending motions and close the file. (Doc. 47). Following the Court's closing of the case, Defendant filed its Motions to Reopen Case and for Attorneys' Fees and Costs.

II. **DISCUSSION**

1. *Motion to Reopen Case*

Defendant asks the Court to reopen the case to consider its request for attorney's fees and costs. The designation of a case as open or closed does not affect the Court's jurisdiction, instead, the relevant inquiry is whether a case has been dismissed. See Anago Franchising, Inc. v. Shaz, LLC, 677 F.3d 1272, 1278 (11th Cir. 2012) (holding that following a proper notice of voluntarily dismissal, the district court was divested of jurisdiction). Yet, even after a case is dismissed, "[i]t is well established that a federal court may [still] consider collateral issues . . . ." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395 (1990); see also Mahone v. Ray, 326 F.3d 1176, 1180 (11th

Cir. 2003) ("As both the Supreme Court and we have recognized, Rule 11 motions raise issues that are collateral to the merits of an appeal, and as such may be filed even after the court no longer has jurisdiction over the substance of the case.") (citing Cooter & Gell v. Hartmarx Corp., 496 U.S. 384). Therefore, the Court need not reopen the case to acquire jurisdiction over Defendant's requests for attorney's fees and costs.

    2.  *Motion for Fees*

Defendant seeks attorney's fees pursuant to Rule 11 of the Federal Rules of Civil Procedure ("Rule(s)"), Florida Statutes section 57.105, 15 U.S.C. § 1117(a),[2] and 28 U.S.C. § 1927. In order, the Court analyzes whether sanctions are appropriate pursuant to any of Defendant's offered authorities.

    a.  Federal Rule of Civil Procedure 11

Rule 11 of the Federal Rules of Civil Procedure provides:

> By presenting to the court a pleading . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]

Fed. R. Civ. P. Rule 11(b). Rule 11 also contains procedural requirements before filing a motion for sanctions, which states:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or

---

[2] Defendant references subsection (3), to 15 U.S.C. § 1117(a). However, no such subsection exists.

Case 3:13-cv-00795-BJD-MCR   Document 54   Filed 09/18/15   Page 5 of 12 PageID 793

> denial is withdrawn or appropriately corrected within 21 days
> after service or within another time the court sets.

Fed. R. Civ. P. Rule 11(c)(2). Accordingly, a party seeking Rule 11 sanctions must comply with two procedural requirements: (1) the party must file a separate motion seeking the sanctions describing the specific conduct warranting sanctions and (2) the party must serve the motion on the opposing party pursuant to Rule 5, but cannot file the motion with the Court until after the offending party has been provided with twenty-one days in which to cure the challenged filing. This second requirement is commonly referred to as the "safe harbor" requirement.

Defendant contends that Plaintiff's persistence in this "meritless and frivolous" action warrants sanctions. (Doc. 49 at 1). The Court first addresses whether sanctions may be appropriately leveled against Defendant pursuant to Rule 11. "Courts consistently have held that 'strict compliance with Rule 11 is mandatory.'" Geico Gen. Ins. Co. v. Hampel, No. 11-cv-61620, 2012 WL 204284, at *2 (S.D. Fla. Jan. 6, 2012) *report and recommendation adopted*, No. 11-cv-61620, 2012 WL 204176 (S.D. Fla. Jan. 24, 2012) (quoting In re Pratt, 524 F.3d 580, 588 (5th Cir. 2008)); see also Allison v. Parise, No. 8:12-cv-1313, 2014 WL 1763205, at *6 (M.D. Fla. Apr. 30, 2014) (noting that the court had previously dismissed Rule 11 motion because it failed to comply with safe harbor provision and stating that the court "strictly construes the procedural requirements of Rule 11").

The parties agree that Defendant never served Plaintiff a precursor motion for sanctions pursuant to Rule 11. Instead, Defendant claims that service under Florida

Statutes section 57.105 suffices as service under Rule 11.[3] (Doc. 49 at 8 n.1). Defendant provides no legal authority for its position and the Court finds none. Given the strict construction owed to the procedural requirements of Rule 11, the Court finds Defendant's service of a motion for sanctions pursuant to state law insufficient for purposes of Rule 11. As Defendant failed to comply with the mandatory procedural requirements of Rule 11, the Court will not consider the merits of Defendant's motion as it pertains to Rule 11. See Bosley v. WFMJ Television, Inc., No 4:04-cv-2529, 2006 WL 2474961, at *3 (N.D. Ohio Aug. 25, 2006) ("Compliance with Rule 11's safe harbor provision is a mandatory procedural prerequisite to an award under the rule.").

      b.    Florida Statutes Section 57.105

Defendant also seeks attorneys' fees pursuant to Florida Statute section 57.105(1) ("§ 57.105"). § 57.105 provides that "the court shall award a reasonable attorney's fee . . . to be paid to the prevailing party . . . by the losing party and the losing party's attorney on any claim or defense . . . in which the court finds . . . that the claim . . . (a) [w]as not supported by the material facts necessary to establish the claim or defense; or (b) [w]ould not be supported by the application of then-existing law to those material facts." Fla. Stat. § 57.105(1). The purpose behind sanctions pursuant to § 57.105 is to "discourage baseless claims, stonewall defenses and sham appeals in civil litigation by placing a price tag through attorney's fees awards on losing parties who engage in these activities." Schwartz v. Millon Air, Inc., 341 F.3d 1220, 1227 (11th Cir.

---

[3] "Florida Statute section 57.105 provides for the award of a reasonable attorneys' fee against both the losing party and his counsel on any claim or defense that the losing party or his counsel knew was not supported by material facts or was not supported by existing law." Robinson v. Alutiq-Mele, LLC, 643 F. Supp. 2d 1342, 1351 (S.D. Fla. 2009).

2003) (quotation and citations omitted). While these sanctions arise from state law, the Eleventh Circuit has ruled that "[a]ttorney's fees pursuant to Florida Statute § 57.105 may be awarded to the prevailing party in a suit brought in federal court." BankAtlantic v. Blythe Eastman Paine Webber, Inc., 955 F.2d 1467, 1478 n.11 (11th Cir. 1992).

In many ways, § 57.105 is Analogous to Rule 11. See In re Buis, 337 B.R. 243, 248 n.1 (Bankr. N.D. Fla. 2006). For example, like Rule 11, § 57.105 contains a safe harbor provision which prohibits sanctions against a represented party unless the party seeking sanctions serves the motion for sanctions at least twenty-one days in advance to the challenged party. Fla. Stat § 57.105(4); Pino v. Bank of New York, 121 So. 3d 23, 42 (Fla. 2013) ("Florida's statutory twenty-one-day safe harbor provision is nearly identical to its federal counterpart . . . and we interpret this state's provision similarly."). The Florida Supreme Court went as far as adopting the reasoning of a court arising from another case in this district, which held that a party seeking sanctions cannot wait until a case has been voluntarily dismissed before filing its motion for sanctions. Pino, 121 So. 3d at 42 ("[A] party who seeks Rule 11 sanctions based upon allegations in a complaint, cannot wait until the action has been voluntarily dismissed by the opposing party because the party who voluntarily dismisses a case has withdrawn the offending pleading by dismissing the case." (qouting Morroni v. Gunderson, 169 F.R.D. 168, 171 (M.D. Fla. 1996)).[4] Also like Rule 11, § 57.105 must be strictly construed against shifting

---

[4] This Court finds the reasoning in Morroni persuasive as to the importance of timely filing a motion for sanctions pursuant to Rule 11 and § 57.105. However, in light of the Eleventh Circuit's ruling in Mahone, 326 F.3d at 1180, the Court does not believe there is a jurisdictional bar to consideration of a Rule 11 motion for sanctions filed after the dismissal of a case.

attorney's fees to the losing party. <u>Global Xtreme, Inc. v. Advanced Aircraft Ctr., Inc.</u>, 122 So. 3d 487, 490 (Fla. 3d DCA 2013).

In its Motion for Sanctions, Defendant alleges that it "complied with [the safe harbor] provision when it filed the attached Motion to counsel for [Plaintiff] on May 8, 2013 . . . ." (Doc. 49 at 8). First, Defendant failed to orient the Court to where in its 139 pages of attached exhibits the referenced "attached Motion" is. The Court located what appears to be the precursor to the instant Motion for Sanctions, which Defendant contends satisfies § 57.105's safe harbor provision. (<u>See</u> Doc. 49.3 at 4). Upon review, the precursor motion for sanctions does not include the specific date of service on its certification page, nor is it accompanied by an affidavit, stipulation or sworn testimony as to its service. <u>Id.</u> at 14. Nevertheless, as Plaintiff "acknowledges that Defendant did serve a 'safe harbor' notice on May 8, 2013," (Doc. 52 at 7), the Court will assume Defendant complied with the service requirement of the safe harbor provision on May 8, 2013.

However, service of the precursor motion for sanctions on May 8, 2013 is fatal to Defendant's Motion for fees now. The Advisory Committee Notes to Rule 11 instruct that ordinarily a "motion [for sanctions] should be served promptly after the inappropriate paper is filed, and, if delayed too long, may be viewed as untimely. [Further,] [g]iven the 'safe harbor' provisions ... a party cannot delay serving its Rule 11 motion until conclusion of the case (or judicial rejection of the offending contention)." 482 days elapsed between the time Defendant served Plaintiff notice of the allegedly violative conduct, a period of time the Court considers anything but prompt. Defendant did not file its Motion for Fees until <u>both</u> the rejection of the offending contention and the

conclusion of the case. Therefore, Defendant failed to comply with Rule 11's safe harbor provision, and since the Florida Supreme Court has adopted Rule 11's safe harbor provision for § 57.105, Defendant cannot recover under § 57.105.

    c.  Costs, 15 U.S.C. § 1117(a), and Prevailing Parties

Rule 54 allows a prevailing party to recover certain costs incurred in the prosecution or defense of an action. Fed. R. Civ. P. 54(d). 15 U.S.C. § 1117 allows a court to award reasonable attorney fees in a dispute involving the Lanham Act to the prevailing party. The term prevailing party is "a legal term of art." Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res., 532 U.S. 598, 603, (2001). The key to determining whether a party prevailed is whether there was a "material alteration of the legal relationship of the parties . . . ." Buckhannon Bd. & Care Home, Inc., 532 U.S. at 604. A dismissal of a complaint without prejudice does not lead to a change in the legal relationship between the parties because "[t]he defendant remains at risk" as "the plaintiff may refile the complaint." Szabo Food Serv., Inc. v. Canteen Corp., 823 F.2d 1073, 1076 (7th Cir. 1987); Sanchez v. Swire Pac. Holdings, Inc., No. 09-20235-CIV, 2009 WL 2005272, at *4 (S.D. Fla. July 9, 2009) (holding that "dismissals without prejudice in general, typically do not . . . [result in] a 'judicially sanctioned change in the legal relationship of the parties.'" (quoting Dattner v. Conagra Foods, Inc., 458 F.3d 98, 101 (2d Cir. 2006)). Accordingly, dismissals without prejudice do not generally convey prevailing party status on a defendant.

In this case, the Court granted Defendant's Motion to Dismiss (Doc. 28) to the extent that Plaintiff's TAC (Doc. 9) was dismissed without prejudice. (Doc. 45 at 2). Plaintiff opted to voluntarily dismiss the case without prejudice within the time allotted

for the filing of a fourth amended complaint. There is nothing in Plaintiff's voluntary dismissal that has materially altered the legal relationship between it and Defendant, because Plaintiff's dismissal was without prejudice. As the Court has taken no action to limit Defendant's risk of suit, Defendant is not a prevailing party and cannot recover under 15 U.S.C. § 1117(a) or Rule 54.

### d.   28 U.S.C. § 1927

"[T]he plain language of [28 U.S.C. § 1927] imposes three essential requirements for an award of sanctions . . . :" (1) "the attorney must engage in 'unreasonable and vexatious' conduct"; (2) that conduct must "multipl[y] the proceedings"; and (3) "the dollar amount of the sanction must bear a financial nexus to the excess proceedings[.]" Amlong & Amlong, P.A. v. Denny's, Inc., 500 F.3d 1230, 1239 (11th Cir. 2007). "§ 1927 is not a catch all provision designed to serve as a basis for sanctioning any and all attorney conduct courts want to discourage." Peterson v. BMI Refractories, 124 F.3d 1386, 1396 (11th Cir. 1997) (internal quotations omitted). Rather, even "unreasonable and vexatious conduct" is not sanctionable under § 1927 unless that conduct multiplies the proceedings. Id.; accord Edwards v. Gen. Motors Corp., 153 F.3d 242, 246 (5th Cir. 1998) (affirming award of § 1927 sanctions where plaintiff's counsel pursued law suit after she knew had no "case as a matter of law" or "as a matter of fact.").

In this case, Defendant does not offer evidence of Plaintiff multiplying the proceedings. In fact, the record supports the opposite conclusion. For example, once Defendant pointed out to Plaintiff the error of Plaintiff's section 540.08 claim, Plaintiff voluntarily dismissed the claim. Additionally, when Judge Richardson dismissed

Plaintiff's TAC,[5] and the undersigned questioned whether Plaintiff could state a viable cause of action—but allowed Plaintiff to try—Plaintiff voluntarily dismissed its case instead. Yet, Defendant seeks to have the Court consider Plaintiff's various amendments to its complaints as evidence of bad faith and multiplying these proceedings. Plaintiff's initial amendment came before Defendant even had to file a response. (Doc. 1-2). Plaintiff's second amendment was a joint endeavor between Plaintiff and Defendant. (Doc. 1-5 at 33). The third amendment was the result of an order from this Court. (Doc. 7). Thus, it would be unfair to categorize the various amendments of the complaint in this case as multiplying the proceedings in bad faith.

Likewise, the Court is not moved by Defendant's argument that Plaintiff's efforts to conduct discovery before the case was dismissed were indicative of bad faith or multiplying the proceedings. The challenged discovery requests occurred after Judge Richardson permitted discovery to continue and, in doing so, he explicitly expressed concern about whether the information Plaintiff needed for its case would be available in the future. (See Doc. 38 at 2; Doc. 49 at 4-5). Moreover, Defendant attempts to draw the inference that Plaintiff forced Defendant to respond to discovery after Plaintiff knew that it intended on dismissing its case. In support, Defendant points to Plaintiff's failure to object to Judge Richardson's Recommendation and Plaintiff's subsequent demand for Defendant to respond to its discovery requests before dismissing the case. Defendant's position is mere conjecture, as Defendant offers no evidence Plaintiff acted in a way to extend these proceedings unnecessarily. The Court can imagine an equally

---

[5] Owing to the procedural history of the case, Judge Richardson's Report and Recommendation was the first time the Court reviewed the merits of Plaintiff's case.

plausible explanation: Plaintiff did not object to Judge Richardson's Recommendation because it recommended that Plaintiff be allowed to file an amended complaint, which Plaintiff decided against after conducting additional discovery. Accordingly, after due consideration, it is

**ORDERED:**

1. Defendant's Motion to Reopen Case (Doc. 48) is **DENIED** as moot.

2. Defendant's Motion for Attorney's Fees (Doc. 49) is **DENIED**.

**DONE** and **ORDERED** in Jacksonville, Florida this 17th day of September, 2015.

_____
BRIAN J. DAVIS
United States District Judge

/p

mw
Copies furnished to:

Counsel of Record